Good morning, your honors. Thank you, your honor. May it please the court. I'm Albert Chang with the law firm of Bottini and Bottini in San Diego. I am arguing this appeal on behalf of plaintiff appellant Andrew Calcaterra. I reserve three minutes for rebuttal. This is a shareholder-directed lawsuit. It is a suit in equity. It is an important tool for public shareholders of large corporations to seek redress against the board and management for corporate malfeasance. But this lawsuit was stalled at the pleading stage for nearly four years as a result of defendants repeated challenges to the sufficiency of plaintiff's pleadings. And I hasten to note that we have number one alleged substantial misconduct in our complaints, and number two that the district court has upheld one of our complaints under Rule 23.1's heightened pleading standard. But after nearly four years of motion practice, no discovery was allowed to proceed and we are now here on appeal on three orders on pleading sufficiency. My argument here today focuses on four issues. One, the rightness issue in the order granting judgment on the pleadings. Two, the Brada v. Zimmerman issue in the order dismissing the Second Amendment complaint. Three, the Landis v. North American Company issue in the order denying a stay. And finally, the Rule 15 issue in the order denying leave to amend. With regard to rightness, we have three issues under Rule 239. Declaratory, restitutionary, and injunctive relief. That's what we seek in the complaint. One, declaring that the individual defendants breached fiduciary duties. Two, directing BFI and the individual defendants to reform and improve BFI's corporate governance. And three, awarding BFI restitution from the individual defendants. We cited the Ryan v. Tax case for the proposition that under Delaware law, we are entitled to restitutionary relief where, quote, the directors are found to have breached a duty of loyalty. We have alleged the reach a duty of loyalty claim here. We also assume just say the securities lawsuit is tossed and the whistleblower, the Kerrhart whistleblower trial, he doesn't win. In that scenario, what claims do you have remaining in this case? I wanted to spell this notion, Your Honor, that we have an indemnification-only lawsuit here. There are, of course, overlapping allegations and overlapping transactions and events between our case and the securities class action, which is right now up on appeal where, Your Honor, Judge Lee, you're on the panel. And the whistleblower action, which is still But the key allegations in our complaint, and it's a one coherent course of misconduct, that the individual defendants mismanaged BFI, failing to maintain adequate internal controls at the company. When some of the internal control problems were discovered through Earhart whistleblowers audit, then the audit committee authorized or ratified the retaliation against Mr. Earhart. And then our allegation is that the board and audit committee and all the individual defendants conspired to create this sham investigation to cover up the retaliation. The investigation is not part of this problem, right? Because the district court allowed that much to go forward, although he eventually just missed it on another ground. So that's not part of the rightness issue. Yes, Judge Preston. And so that one coherent course of misconduct were the core of our allegations here. And as Your Honors know, the securities law class action is now on appeal on the law's causation pleading issue specific to the Private Securities Litigation Reform Act of 1995. Those lawsuits, securities law class action and the whistleblower litigation, can succeed and fail for a variety of reasons having nothing to do with merit. But we have our own standalone breach of fiduciary duty claims here. We are If you were to lose both of those lawsuits, would you still have a claim for the attorney's fees in those lawsuits, for example? Of course we do if those lawsuits result in in favor of the plaintiffs there and against BFI. No, suppose you lose both of those lawsuits, not that you lose, the company wins both of those lawsuits. As you pointed out, they could win it for a variety of reasons which wouldn't necessarily be that these things didn't happen. Right, right. So if BFI wins both lawsuits, I have a weaker claim, a more difficult claim on attorney's fees, but I'm not precluded from seeking them because if the defendants are found to have breached their fiduciary duties and as a result generated those lawsuits, even though those lawsuits were not successful or weren't harmful themselves to BFI, BFI was still out on attorney's fees as a result of defendants. But on the other hand, until those suits are over, we don't know A, what you have to prove or B, what the fees are. That's correct, your honor. And on the district judges have fashioned to deal with situations like this. There have been cases where the related derivative lawsuit like what we have now is staged. There are cases where the derivative lawsuit and the underlying securities forecast action, whistleblower action proceed in a parallel fashion. As the district judge here pointed out, that was ordinarily when the same judge had all the cases and could coordinate them. Yes, yes, that's correct. And there's no efficiency whatsoever of any problems here. And I also hasten to note that there have been no discovery allowed in either, in this case, the securities forecast action that's right now on appeal in our case. And we've been had a pleading, we have four iterations of our pleadings. There have been at least three challenges on rule 23.1 on our complaints. And that's where we are. Well, why wouldn't you, you be better off if the district judge simply stayed the action? Well, two points, your honor. In a normal course of case, we're not better off by staying the case because we believe that we are entitled to our own own discovery and own proof of claims. Like in this specific situation. But if this case were to go to trial sooner, both your damages would be limited. And as you yourself recognize, the ability to recover fees would at least be altered, if not eliminated. So it would appear that until the outcome of that lawsuit, your claims are lesser. I mean, in the sense you can't presumably recover fees that haven't been encouraged yet and also affected. Yes, Judge Berzin, I'll respond in two ways. One, the idea that there's ascertained in the securities fraud class action is only one element, an easier way for us to quantify damages. We are entitled to number one, prove our claims on the merits. And number two, use our own damages calculation. Sure, it is much easier if you have a number of attorney's fees and a number of a settlement of judgment value in the securities fraud class action. But that is not necessary for us to prove our damages. What is the restitution damages? I mean, this is not a self-dealing case in the sense that these individuals, I mean, I guess there was $100,000 that you claim that one of the people had in the bank account, but in general, the claim is not. I'm sorry, that's my phone, somebody will answer. That there was self-dealing, monetary self-dealings or profit in the individuals from this action. So what's the restitution going to be? The restitution is the compensation and the benefits that the individual defendants reap from their positions at BFI during the relevant period. I thought Delaware law precluded that. I mean, no, we were entitled to restitution, you know, and just in that particular relief, i.e. the notion that by accepting payment of salaries and benefits that they were somehow breaching their fiduciary duty. I thought that that was outside of Delaware law. No, under Ryan versus Tad's, we are entitled to restitution if we can prove that. Restitution, but I don't understand that the salary and benefits paid to directors or officers is restitution that can be recovered. Well, the Ryan case says... Profiting from their wrongdoing directly. Well, by maintaining their positions and while breaching their fiduciary duties, they are profiting from their wrongdoings. And that is our allegation. In our complaint, we allege there are multiple allegations of their salaries and benefits, including loans that they themselves took from BFI. So, if you look at the cases in terms of rightness that this report relies on, like the simple technologies case, in that case, the underlying misconduct was company's failure to disclose adverse product information. Adverse product information standing alone is not an actionable claim. We have a different claim here. Our claim here is breach of fiduciary duty. Breach of fiduciary duty is a standalone claim regardless of whether that breach of fiduciary duty is disclosed in the securities forecast action. Suppose the district court had just said, look, I'm not here to decide the rightness or anything else here. I'm just going to stay the case. Would that be an abuse of discretion? No, and that's one of our arguments here. If this court were to decide not to disturb the district court's rightness finding, we'll ask the court to remand the case back to the district court with the instruction to stay the case, actually, because that would be perhaps just like how it transpired this morning. That could be a more efficient way to run this case. But, you know, we obviously contest that the district court erred for failing to stay our case. I'm seeing that my main 30 minutes is up. We'll give you a few extra minutes. I would be curious to hear some argument on the last dismissal with regard to the demand on the board. So, the key finding here, you can see it in the SER page 17. The main demand fertility finding in the August 2017 order, finding demand fertility and upholding our complaint under Rule 23.1, the district court based on two allegations. That is paragraph 221 to 222 in the first amended complaint. That's on ER pages 328 to 329. Those two allegations say that the audit committee was told that defendant Tola deliberately downgraded Mr. Earhart's performance report. And even knowing that retaliatory conduct, the audit committee members, Greenberg, Mosick, and Algala approved the retaliation. Based on those allegations, the district court inferred that these three board members cannot consider a demand in an independent district interest amendment. Those same allegations appear in our second amended complaint, which we were forced to file because this district court held that our complaint was too verbose. If you look at the three-factor test under Braddock, Braddock holds that if you meet these three factors, you do not have to establish demand fertility again. The third factor goes first. The new complaint, the amended complaint is arise from the same transactions and events. We have that here. We only trim off allegations. Those allegations were the same. And in fact, the first amended complaint was never dismissed in its entirety. And the district court has already met the first two factors. One, the original complaint was well pleaded. The district court in August of 2007 still held. Two, the original complaint fits the legal test under rule 23.1. As I have just said, the district court held just that. So there's no reason. Wasn't he essentially revisiting that ruling and wasn't he entitled to do that? He was essentially saying, you know, I missed this because the whole complaint was such a mess. I really didn't focus on the demand for utility with regard to this particular claim. And now that I'm doing it, I don't think there was demand for utility either then or now. Essentially. Yes, that's two points in response. One is that what the district court missed was this notion of a coherent force of misconduct. The JAMA investigation is part and parcel to the breach of fiduciary duty claims, right? Without the breach of fiduciary duty, without the retaliation, and without the need to cover up, there wouldn't have been any JAMA investigation. Two, as a matter of law, and these defendants have cited no law on this point. Of course, we agree that demand for utility should be evaluated on a claim by claim basis. We have a claim with a breach of fiduciary duty claim. We have an injustice enrichment claim. We have an abuse of control claim. But those are claims. There's no law for the proposition that demand for utility should be evaluated like the district court did with aspect of the claim and aspect of the claim basis. The district court, by revisiting the demand for utility issue, is slicing the claims too thin. Contrary to what case law requires, which is like under Rosenblum, all the allegations must be evaluated as a whole. Okay, we're well over your time, and we'll give you, I'd say, two minutes to rebuttal. Thank you. Thank you. Good morning, your honors. John Steegey from Shepard Mullen on behalf of the defendants' appellees. Let me just respond quickly to the last point that was just made, whether we cited any case law to suggest that demand for utility must be by transaction by transaction. Well, we did. Delaware case involving claims against the Redstones. In that case, and just looking for it now, the court of Chancery made clear that you don't look at it as a claim for relief. You look at every transaction. For example, a claim of a care mark violation would be analyzed differently from a claim involving a specific interest of director transaction. So we actually do have case law that makes it very clear. The court's not limited on demand for utility to look at a claim for relief or account, but rather must go transaction by transaction. Let me level set on a couple of points here. Stick to that issue for a minute or two, or maybe more. The district court, I mean, do you understand what the district court was doing in its last dismissal order was essentially reconsidering its earlier decision? I guess the technical question was whether it was validly in litigation at the time of the first decision. But he has let this claim go forward and he hadn't knocked it out on demand for utility. And now he was essentially revisiting that. Is that what he was doing? I think you're right. And I think that's what we put, we explain in our briefs that the judge at the end in his final ruling did recognize that you that the court must go transaction by transaction claim by claim. Now, the court explained why, which your honor mentioned earlier, which is that in the first go round, the court had a complaint in front of it that was was. It didn't really matter that the board had changed. I mean, it was really a question of that. Even on the old board, he was saying he has a footnote, which says this very briefly. Um, I shouldn't have. I should have dismissed it then. Again, your honor. Yeah, I do think that the judge recognized in the final order that the August 2017 analysis was what where he was mixing the claims in terms of demand futility. And he recognized that you can't find demand futility based on different transactions. And I think that's exactly what the court did. And it's about the litigation standard. In other words, it doesn't matter if we can simply look at this as as a reconsideration of what was done the first time, not as a new decision. Well, I hesitate to use a reconsideration because, of course, that that's a loaded term in terms of what the rules require. Absolutely. The court has the authority to do that. And to be very clear, the fact that it was the eight member board versus the nine member board really isn't isn't the key here, because, again, on the securities fraud claim, there was just one, Mr. Garibrands, which, of course, now with the dismissal is less. And on this theory of employment retaliation, the judge just focused on the three other committee members. And I might add, and we put in our brief and would ask the court to revisit that as well. The district court, when concluding that the allegations of the audit committee's awareness of a disputed employment retaliation claim. Followed up by an investigation of that does not come close to meeting the standard in Towers v. Iger for inferring that the members of the audit committee knowingly committed a violation of law or consciously acted in in refusing to exercise fiduciary duty. So the court revisited it because it understood that those claims were not right and therefore not validly in litigation when transaction by transaction in the final ruling and ultimately reached the correct result that demand futility was not pleaded to the right position. And yes, and this is really, I think, the key. Again, level set. There are no allegations of misconduct in Mr. Calcutta terrorist complaint that are not also alleged in Mr. Earhart's complaint and in the securities complaint. Again, nothing new alleged. So what does that mean? In terms of the securities case, pretty straightforward. We talked about that earlier, which is it's really about are there damages in that case? Attorney's fees. But let's take Mr. Chang's scenario. Suppose that securities case you prevail. I haven't read the district court opinion in the securities case, so I don't know what the grounds were, but there are reasons you could prevail that would not eliminate the possibility of wrongdoing, right? I disagree with that profoundly, Your Honor, because a claim of securities fraud has elements. One of those elements is loss causation. And just because in the event the court decides to affirm on the loss causation ruling, that still means there was no securities fraud committed. And to the extent... It's not securities fraud, but does that mean there was no breach of fiduciary duty? Correct. It means there was no breach of fiduciary duty because security, making a false statement with CNTR to cause a loss, those are the elements of a securities fraud claim. The question of whether the board breached his fiduciary duties in causing the company to commit securities fraud means if there's no securities fraud, there could not have been a breach of duty in causing securities fraud. I don't think that's very complicated. I think the idea that you just because... Each element of a securities fraud claim matters. And just because there's a dismissal on one doesn't mean that therefore there was securities fraud committed and somehow got off on a technicality. But Your Honor, the core fallacy I think we're hearing here is that there can somehow be a standalone claim for allegedly inadequate internal controls that do not cause a business loss. Companies are not in the business of internal controls. Internal controls are a tool, a tool to help a company when it's issuing its product, selling its product, to do so in compliance with law, in compliance with regulations, in compliance with financial disclosures and the like. Without an allegation that somehow alleged inadequate or improper internal controls cause some business loss that could be recoverable in a claim for inadequate internal controls, it is pure speculation that the internal controls, however they were, cause harm to the corporation. A company can have gold-plated internal controls, still have a problem. Company can have terrible internal controls and have no problem. There is no basic standard. Well, allegedly a loss of reputation. Suppose it were proven that they had terrible internal controls, but for some reason it caused a loss in this particular instance. Couldn't that still have an impact on the market in the long run? Could have an impact. That's a speculation, not even coming close to an injury in fact, but more to the point, the only reason in this case that allegation could have even remote plausibility at some and publicizing these matters. Imagine a world without those two other lawsuits. And Mr. Earhart calls up Mr. Chang and tells Mr. Chang all of these things. In that case, there's no loss of reputation, even plausibly alleged remotely. So it's, again, all related back to these other lawsuits, which until they are proved in those cases, don't meet the rightness standard for an injury in fact under Lujan. Since you mentioned rightness, for the claims that the district court said were not right, do you have a view on whether the statute of limitation has begun to run on those unright claims? I said before the district court statute would not run because they are essentially indemnification claims where the statute starts running only if there is a payment made that should be indemnified. And let me just say- Well, would you be judicially a stop from arguing otherwise? Correct. Would you be a stop from arguing otherwise down the line? I mean, there's some authority apparently in a... Well, not authority. There's apparently a recent Mendisco, which is not authority, which suggests otherwise. I tend to think you're probably right, but you know how litigation goes. You can turn around next day and say the opposite. But I assume we have your assurance that you won't? Correct. And I'm encouraged that you think I'm probably right. That's that I find encouraging. That's logical, but on the other hand, I can well imagine in this Mendisco is some evidence that there might be an opposite view. Look, I'm not trying to... We're not trying to play games here. We're trying to get to the right results. So whether it's judicial a stop or just doing the right thing, we intend to do that. And look, a stay of the case, the court, I certainly had the discretion to reject or grant that in many cases that does happen in these tagalong derivative cases that the derivative cases stay pending a result in the others. I would argue, Your Honor, that while a stay would ameliorate some of the extra costs that would be associated with the existence of tagalong derivative action, it doesn't get rid of all of it. And as far as we're concerned, a dollar of extra costs that would not be necessary to spend is a dollar too many. What's the harm? I really don't see the defendant's interest being particularly strong in not having the stay. What difference does it make? These other cases are going forward anyway. Whenever one of them is on appeal and the other one is on trial, I gather. When is it going to trial, by the way? That's a great question, Your Honor. It's been postponed so many times. And in COVID, it's a little hard to say. I believe the current trial date is next spring. But there was a summary judgment motion where the court granted most, but not all of the motion. So something's going to trial. Excuse me, Your Honor? Something is going to trial. Something survived, yes. Some portions of the case did survive and trial date, as they say. So you have cases pending against you anyway for whatever reputational or interests there are. And I understand the defendants are not the same defendants exactly. I don't know if there's an overlap. But still, what difference does it make if you have a stayed proceeding? Wouldn't it make more sense? Otherwise, if he has to refile, then he incurs costs, and you incur costs, and the judge has to revisit everything. And what's the point? Well, among other things, companies, you know, got a report in a 10-K, the existence of cases, and prefer to have them dismissed. Excuse me, Your Honor? You're already reporting the existence of the other two cases, right? Of course. Well, certainly until they're fully and finally dismissed. Right. Okay. So now we have one more. What difference does it make? Your Honor, I appreciate that. It makes a difference because to know whether there is a case pending or not, individual directors named as defendants need to report that to their personal insurance carriers. Having a case alleging breach of fiduciary duty against you is something for real individuals. All right. As opposed, as balanced against the additional costs of starting all over again, for both of you and the court. Well, Your Honor, if we do have to, quote, unquote, start all over again, I think it's pretty hopeful, of course, of an affirmance of the securities case and a positive result in Mr. Earhart's case. But at least at that point, we'll know what's at issue. Right now... But you'll know what's at issue if there's a stay. Again, two different things, Your Honor. The question you asked was, is there additional cost in the way of dismissal and refiling? And putting aside the additional cost, at least in that new case, we'll have clarity as to what it's about. Again, it's hard for me to tell a client, I have the option of moving to dismiss the claims against you so you don't have to report that and have that sort of on your permanent record as a blemish. Or don't worry, just leave it there and we'll see what happens later. If it were me, I'd want to get it dismissed. I wouldn't want a claim alleging that I'm a fraudster. Are the defendants in this case, defendants in the other two cases at all? Let's see. Not in Mr. Earhart's case, it's just against the company, of course, because it's a claim against the company for employment retaliation against individuals. In the securities case, Mr. Garibrandt, perhaps Mr. Bardone, it's changed a lot over time. And there were at least one of the directors, one of the members of the audit committee, I think Mr. Grinberg was named as a defendant. But that changed when certain claims were dismissed over time. Okay, your time is up.  Thank you, Your Honor. Mr. Chen. Thank you very much, Your Honors. I have very quick three points. The court, Judge Berzin, you mentioned the Koshy versus Babarosh case. That was my case. It was a Catch-22 case where another panel of this court held that my client was too late to file lawsuits after another panel of this court. I, it seems to me there will be both judicial estoppel and we have an assurance that they're not going to raise the limitations period. That's correct. And I want to dispel this notion that we do not have a standalone breach of fiduciary duty claim. There has been this notion that, oh, you must have an underlying lawsuit, government enforcement action, a government investigation in order to inflict harm on the company. No, breach of fiduciary duty is breach of fiduciary duty. Even if there's no underlying lawsuits, the company can lose money, can reduce its profits for just simply being a poorly run company. And as it has demonstrated in the underlying securities fraud litigation, that case is now on appeal before this court under the heightened, probably the highest pleading standard. And in some circles, academics have said that this may be even higher. The pleading standard is higher than the summary judgment standard under the PSLRA. So we do not depend on the underlying litigation for damages in this case. And now lastly, to the extent that we have made this argument that this court lacks jurisdiction because defendants did not appeal, to reconsider the district court's August 2017 order upholding our first amended complaint on. I'm sorry, why? Because that ordered August 2017. They couldn't appeal because the case wasn't over, so they couldn't appeal. That's correct, but they could have cross appealed. Could have what? They could have crossed appealed in this appeal. Had defendants filed a cross notice of appeal after we filed notice of appeal. Why did they have to cross appeal? In the end, there was a dismissal, so they could simply defend the dismissal on an alternative ground. Not if. It wasn't an alternative ground because there's a footnote in the opinion saying even if I looked at it as of the earlier complaint, I would come to the same conclusion. We have submitted a Rule 20HA letter just a couple of days ago on this point. You cannot affirm on an alternative ground if that affirmance enlarges either the appellee's rights or weakens appellant's rights. We have a right under that order of a finding of demand fertility on our first amended complaint. That is a substantive right that cannot be altered and should not be circumscribed because this court considers an affirmance on an affirmative ground. But what's alternative about it when there was a footnote in the judge's last dismissal where he said, alternatively, if you looked at it as of the first amendment complaint, I would come to the same conclusion. I'm sorry, but I don't understand your argument. He held in the alternative, essentially, that reconsidering it as of the first amendment complaint, he'd come to the same conclusion. So he held it. So it's not alternative. Well, to the extent that if this panel decides that that footnote provides some sort of a hook on jurisdiction, we have made our arguments and we disagree with it. To the extent that revisiting demand fertility is correct, which we think it is not under Braddock. But to the extent that revisiting is okay, then you must revisit based on the board as of April of 2017 when the first amendment. If I did that, I'd come to the same conclusion, is what he's saying. Anyway, your time is up. Thank you very much. Thank you, Your Honors. Useful arguments. The case of Calcaterra v. Garabanz is submitted and we'll go to the last case of the day, Office Depot v. AIG Specialty Insurance.
judges: Siler, Berzon, Lee